857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angela Inez THOMAS, Defendant-Appellant.
 No. 87-7416.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1988.
Decided: Aug. 30, 1988.
 
 Robert E. Owens, for appellant.
 Margaret Person Currin, United States Attorney; James G. Carpenter, Assistant United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Angela Inez Thomas appeals the district court's denial of her motion under 28 U.S.C. Sec. 2255 to set her sentence aside. She claims that the district court failed to comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure and that she received ineffective assistance of counsel. We affirm.
 
 
 2
 Rule 32(c)(3)(D) provides that, after a defendant or a defendant's counsel alleges to the sentencing court that the defendant's presentence report contains factual inaccuracies, the court must either make a finding as to the allegations or indicate that no finding is necessary because the court will not take the contested facts into account in sentencing. In the present case, while the court did not make any statements with regard to the alleged inaccuracies in Thomas's presentence report at the sentencing hearing, it invited her to comment on the report and indicated on a standard, written form developed to fully comply with Rule 32 that it did not take the contested facts into account in sentencing. Thus, the court complied with Rule 32(c)(3)(D).
 
 
 3
 Thomas did not receive ineffective assistance of counsel. Her counsel called the court's attention to the alleged inaccuracies in her presentence report, and the district court did not rely on the contested facts in sentencing. Furthermore, her "Notice of Action" from the United States Parole Commission makes clear that its decision to confine her for a longer period of time than others with a similar conviction before deeming her eligible for parole was based on her undisputed history of passing bad checks and cannot in any way be attributed to her attorney's representation. Because she has not demonstrated any prejudice as a result of her attorney's representation, her sentence cannot be set aside on allegation of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 AFFIRMED.